**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| ROBERT SHERMAN NIX, III, *et al.* | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-235-HSM-CHS |
| | ) | |
| UNITED STATE OF AMERICA, *et al.* | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Robert Sherman Nix, III, *pro se*, has filed an application to proceed *in forma pauperis* (Doc. 2). Because I conclude his complaint does not state a claim for which relief can be granted, I **RECOMMEND** this action be **DISMISSED** and the application to proceed *in forma pauperis* be **DENIED** as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *Bell Atlantic Corp. v. Twombly,* 550

1

U.S 544, 555 (2007).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.)  Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has filed a fifty-one page, typed and underlined complaint requesting the Court to issue an injunction to public schools, in general, to "stop teaching stigma or infamous idealism that is anti-Southern or anti-Confederate or anti-regional or anti-cultural" [Complaint at p. 3] and is "against and versus the American Confederate related veterans, peoples, monuments and flags and idealism in all forms derogatory as to the Right(s)." *Id.* at p. 7.  As further illustration of the tenor of this lawsuit, Plaintiff alleges the United States, the United States Department of Education, and the public school system are "teaching the vilification, infamy, and casting of Southerners and Confederates in a false light that is biased and illegal under the Constitution or reasoning of equalness [sic] in the public education system, to the consequence the general public is taught idealism that is anti-Southern and anti-Confederate and prejudiced and against that region and culture, unconstitutionally…." *Id.* at 8.  Much of the Complaint is devoted to what the Plaintiff contends is the correct view of slavery in the history of the United States of America.  For example, the Plaintiff states, "[s]lavery involves the unpaid laborer who legally

2

sold them-self [sic] into slavery due to poverty or other reason, [sic] taken in war as a slave, or a criminal sentence." [Complaint at p. 42].

It appears that Plaintiff is asserting he has a substantive due process right to require all public schools in the United States to teach the history of the United States of America in a manner which comports with his personal beliefs and understanding of American history. Substantive Due Process "protects a narrow class of interests, including those enumerated in the Constitution, those so rooted in the traditions of the people as to be ranked fundamental, and the interest in freedom from government actions that 'shock the conscience.'" *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014) (citing *Bell v. Ohio State Univ.,* 351 F.3d 240, 249–50 (6th Cir.2003)). Plaintiff has no substantive due process right under the Fourteenth Amendment of the United States Constitution to require American public schools to teach American history in the manner he sees fit.

For the reasons stated herein, it is **RECOMMENDED**[1] that this action be **DISMISSED** as frivolous, that it be **DISMISSED** for failure to state a claim for which relief can be granted, and that the *in forma pauperis* application be **DENIED** as moot.

**ENTER.**

s\ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 149, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).